The Honorable Phil Martin State Senator, Thirteenth District 403 West Euclid Pittsburg, Kansas 66762
Dear Senator Martin:
As senator for the thirteenth district, you request our opinion regarding whether a person may concurrently serve as a member of the state board of education and a member of a local board of education.
K.S.A. 25-1904 states:
 "No state, school district or community college officer or employee shall be a member of the state board of education."
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). When construing a statute a court must give words in common usage their natural and ordinary meaning. House v. American Family Mutual InsuranceCo., 251 Kan. 419, 423 (1992).
K.S.A. 25-1904 does not set forth a definition for the term "officer." Officer is defined in Black's Law Dictionary 977 (1979) as "[p]erson holding office of trust, command or authority in [a] corporation, government, armed services, or other institution or organization." A member of a local board of education constitutes an officer of the school district. Because of the prohibition contained in K.S.A. 25-1904, a person may not concurrently serve as a member of the state board of education and a member of a local board of education. A person serving as a member of a local board of education who is elected to serve as a member of the state board of education is required to resign from membership on the local board of education before accepting membership on the state board of education. See Attorney General Opinions No. 83-11; 81-284.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm